TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Road, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Jeffrey McDermott

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Jeffrey McDermott, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **FOR VIOLATIONS OF:** |
| Worden Capital Management, LLC, | **1. THE TELEPHONE CONSUMER PROTECTION ACT** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Jeffrey McDermott (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Worden Capital Management, LLC (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Camarillo, California, and is a "person" as defined by 1 U.S.C. § 1.

5. Defendant is a business entity located in Garden City, New York, and is a "person" as the term is defined by 1 U.S.C. § 1.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

7.     At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 805-xxx-6185 (hereafter "Number").

8.     Defendant placed calls to Plaintiff's Number in an attempt to solicit business from Plaintiff.

9.     The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

10.     When Plaintiff answered Defendant's calls, he heard a beep before Defendant's automated system attempted to connect him with a live representative.

11.     On or about March 25, 2019, Plaintiff, speaking with a live representative, told Defendant that he was not interested in its services and requested that Defendant cease all further calls to his Number.

12.     Ignoring Plaintiff's request, Defendant continued to call Plaintiff's Number using an ATDS and/or Robocalls in an excessive and harassing manner.

13.     Defendant's calls directly and substantially interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff to suffer a significant amount of anxiety, frustration, and annoyance.

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

15. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so.  *See* 47 U.S.C. § 227(b)(1).

16. FCC regulations promulgated under the TCPA specifically prohibit Defendant from using an ATDS and/or Robocalls to call Plaintiff's Number for the purpose of advertising or telemarketing absent Plaintiff's prior express written consent.  *See* 47 C.F.R. § 64.1200(a)(2).

17. FCC regulations promulgated under the TCPA require that Plaintiff's consent be pursuant to a written agreement, signed by the Plaintiff, which contains Plaintiff's unambiguous assent to receiving ATDS calls and/or Robocalls from Defendant.  *See* 47 C.F.R. § 64.1200(f)(8).

18. Defendant's telephone system has the earmark of using an ATDS and/or using Robocalls in that Plaintiff, upon answering calls from Defendant, heard a beep and had to wait on the line to be connected with a live representative.

19. Defendant called Plaintiff's Number using an ATDS and/or Robocalls without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so, or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

20. Defendant continued to willfully call Plaintiff's Number using an ATDS and/or Robocalls knowing that it lacked the requisite consent to do so in violation of the TCPA.

21. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

22. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

23. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

24. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: July 1, 2019 | TRINETTE G. KENT |
| 3 | | |
| 4 | | By: __/s/   Trinette G. Kent__ |
| | | Trinette G. Kent, Esq. |
| 5 | | Lemberg Law, LLC |
| 6 | | Attorney for Plaintiff, Jeffrey McDermott |

COMPLAINT FOR DAMAGES